IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**RYAN ADAM CARR** | Criminal No. 6:22cr606<br><br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 16th day of May, 2022, between the United States of America, as represented by United States Attorney COREY F. ELLIS, Assistant United States Attorney Justin W. Holloway, the Defendant, **RYAN ADAM CARR**, and the Defendant's attorney, John O'Leary, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive presentment or indictment of a grand jury and arraignment, and further agrees to plead guilty to Count 1 of the information now pending. Count 1 of the information charges brandishing a firearm during and in relation to a drug trafficking crime, to wit, conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1 – Brandishing a firearm during a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2**

    A. First, the defendant used or carried a firearm;

    B. Second, the defendant did so during and in relation to a drug trafficking crime which may be prosecuted in federal court, to wit, conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and

C. Third, the firearm was brandished.

OR:

A. First, the drug trafficking crime was committed by someone other than the defendant;

B. The defendant actively participated in the drug trafficking crime as something he wished to bring about;

C. The defendant associated himself with the drug trafficking crime with advance knowledge that someone else involved in the drug trafficking crime would use or carry a firearm during and in relation to the drug trafficking crime; and

D. The defendant sought by his actions to make the criminal venture succeed.

**PENALTIES:**

IMPRISONMENT for at least 7 years (consecutive to any other prison term)
FINE of $250,000
TERM OF SUPERVISED RELEASE of up to 5 years
SPECIAL ASSESSMENT of $ 100

2. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charge in the information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with

the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

3. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement and charging decisions, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

4. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may only be modified in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

_____16 May 22_____  _____X Ryan Carr_____
Date                    Ryan Adam Carr
                        Defendant

_____16 May 22_____  _____[signature] SC 4074_____
Date                    John O'Leary, Esquire
                        Defense Attorney


                        COREY F. ELLIS
                        UNITED STATES ATTORNEY

_____7-1-2022_____   _____[signature]_____
Date                    Justin Holloway (Fed. ID # 11684)
                        Assistant United States Attorney